IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JENNIFER AREVALO-RIVAS** | § | |
| | § | |
| **VS.** | § | **NO. A-15-CV-430 LY** |
| | § | |
| **AUSTIN INDEPENDENT SCHOOL** | § | |
| **DISTRICT, et al.** | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Juan Zea's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 26); the Plaintiff's Response (Dkt. No. 28); and Zea's Reply (Dkt. No. 29). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I. Background

This is a suit arising out the alleged sexual assault of Jane Doe, the minor child of the plaintiff, by an Austin Independent School District ("AISD") bus driver. The motion before the Court is filed by Juan Zea, who at the time of the assaults was an assistant principal of Walnut Creek Elementary School. Plaintiff alleges that Zea "witnessed [the] AISD bus driver . . . molesting and fondling Jane Doe, but did not report the incident as law requires. Due to this breach of duty, the molestation continued." Dkt. No. 22 at ¶ 13.

The live pleading in the case is the Second Amended Complaint (Dkt. No. 22). In that document, Arevelo-Rivas brings six claims against Zea. Specifically she alleges:

- Zea violated Jane Doe's liberty interest of bodily integrity and failed to protect Jane Doe from assaults (*id.* at ¶¶ 22-33);

- Zea was negligent in failing to report the abuse (*id.* at ¶¶ 36-39);

- Zea conspired with Young to molest Jane Doe (*id.* at ¶ 40);

- Zea breached a fiduciary duty to Doe (*id.* at ¶ 41);

- Zea was negligent per se by violating Texas Family Code § 261.101 (*id.* at ¶ 42);

- Zea intentionally inflicted emotional distress on Jane Doe (*id.* at ¶ 43).

Zea's motion to dismiss makes six arguments: (1) the common law tort claims could have been brought against AISD, and Zea is therefore entitled to dismissal of those claims pursuant to TEX. CIV. PRAC. REM. CODE § 101.106(f); (2) the claim under Title IX should be dismissed because such claims cannot be brought against an individual; (3) Doe fails to plead sufficient facts to show a plausible § 1983 claim; (4) there is no private right of action under TEX. FAM. CODE § 261.101; (5) Zea is entitled to official or qualified immunity; and (6) Zea is immune from liability pursuant to TEX. EDUC. CODE § 22.0511.

## II.  Analysis

A.   TEX. CIV. PRAC. & REM. CODE § 101.106

The language of the Texas Civil Practices & Remedies Code applicable here was added to that statute by the Texas Legislature as part of the "tort reform" of 2003. It provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f). The Texas Tort Claims Act, of which this section is a part, strongly favors dismissal of suits against government employees. *Tipps v. McCraw*, 945 F. Supp. 2d 761, 766 (W.D. Tex. 2013). To obtain dismissal under this section, the employee must show that he committed the alleged tort in the scope of his employment, and that the plaintiff could have brought the claim against the governmental unit under the Texas Tort Claims Act. *Id.*

"Scope of employment" is defined in the TTCA as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5).

> [I]f the conduct is the kind the employee is employed to perform, occurs substantially within the authorized time and space limits, and is actuated, at least in part, by a purpose to serve the employer," then the acts are still within the "scope of employment" under the Act "even if the employee . . . uses forbidden means of accomplishing results.

*Herrera v. Aguilar*, 2013 WL 4784125 at *3 (W.D. Tex. Sept. 6, 2013) (quoting *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 543-44 (1999)). Thus, courts have held that even when a police officer uses excessive force in effecting an arrest, he is still acting within the "scope of employment" for purposes of the TTCA. *Id.*; *Tipps*, 945 F. Supp. 2d at 766-67; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). Analogously, even if Zea failed to report the sexual abuse as alleged, his responsibility to do so, and his failure, all were actions that were "in and about the performance of a task lawfully assigned to [Zea] by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). Thus, the conduct on which Doe bases her state law tort claims against Zea was conduct within the scope of Zea's employment as an assistant principal.

The second half of the § 101.106(f) analysis requires that the Court determine whether the state tort claims Doe brings against Zea "could have been brought under [the Texas Tort Claims Act] against the governmental unit," here, AISD. TEX. CIV. PRAC. & REM. CODE § 101.106(f). As noted, the five claims at issue are Texas common law tort claims, some based on negligence (negligence, negligence per se), and some pled as intentional torts (civil conspiracy, breach of fiduciary duty, intentional infliction of emotional distress). The Texas Torts Claims Act is a very limited waiver of immunity for tort claims against Texas and its political subdivisions. It explicitly does *not* waive the State's immunity for intentional tort claims. TEX. CIV. PRAC. & REM. CODE § 101.057. It also excludes from the waiver of sovereign immunity any claims against school districts, except as to motor vehicles. *Id.* at § 101.051. It would therefore appear that, under the ordinary meaning of the word, Doe could not bring her state law tort claims against AISD "under" the Texas Tort Claims Act, as that statute does not authorize suit against a school district for such claims. This, however, is not the end of the story. In 2011, the Texas Supreme Court held that "all common-law tort theories alleged against a governmental unit are assumed to be 'under the Tort Claims Act' for purposes of § 101.106." *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011). This holding means that Doe's negligence, negligence per se, breach of fiduciary duty, civil conspiracy, and intentional infliction of emotional distress claims are, for purposes of § 101.106(f), considered to be claims that could have been brought against AISD under the Texas Tort Claims Act. Because Zea has demonstrated that the failure to report Young's alleged sexual abuse of Doe occurred within the scope of Zea's employment, and Doe could have brought the tort claims arising out of this conduct against AISD under the TTCA, he is entitled to dismissal pursuant to § 101.106(f). *Franka*, 332 S.W.3d at 369; *Tipps*, 945 F. Supp. 2d at 765-66.

Under § 101.106(f), when an individual demonstrates entitlement to dismissal pursuant to that section, the court is required to dismiss the claim "unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." Zea's motion to dismiss was filed on August 7, 2015, and thus more than 30 days have passed since the filing of the motion. Doe has not sought to amend her complaint to add AISD as a defendant in place of Zea.[1] The claims against Zea must therefore be dismissed.

**B.     Title IX Claim**

Zea seeks dismissal of any Title IX claim against him, contending that such suits cannot be brought against an individual. As noted earlier, it does not appear that Zea has been sued under Title IX. Although Zea is mentioned several times in the Title IX allegations, the claim appears to be brought against AISD only. *See, e.g.,* Dkt. No. 22 at ¶ 21 ("Thus, *the AISD* is clearly liable for Title IX sex discrimination against the minor Jane Doe."). Consistent with this, Plaintiff does not respond to the Title IX arguments, and, in her response, refers to the Title IX claim as being "against AISD." Dkt. No. 28 at ¶ 6. As the Title IX claim is made only against AISD, dismissal as to Zea is unnecessary.

---

[1] Bringing the claims against AISD would have been futile, of course, as AISD's sovereign immunity from such claims has not been waived by the Texas Tort Claims Act. If this result seems anomalous—indeed, absurd—that's because it is. But this outcome is the clearly intended result of the Texas Supreme Court's *Franka* decision. For a full discussion—and criticism—of the majority opinion in *Franka*, see Justice Medina's dissent in that case. *Franka*, 332 S.W.3d at 385-95 (Medina, dissenting).

**C.     1983 Claim**

Doe also sues Zea under 42 U.S.C. § 1983, contending that he violated her Fourteenth Amendment right to bodily integrity, as recognized by the Fifth Circuit in *Doe v., Taylor I.S.D.*, 15 F.3d 443 (5th Cir. 1994), *cert. denied*, 513 U.S. 815 (1994). Zea argues that the Second Amended Complaint fails to allege sufficient facts to overcome his assertion of qualified immunity as to this claim. The Court finds that Doe has alleged sufficient facts to overcome the defense of qualified immunity.

Qualified immunity shields a government official from § 1983 liability if the official's acts were objectively reasonable in light of clearly established law at the time of the official's conduct. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Id.* Courts evaluate qualified immunity under a two-part test: (1) "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotation marks omitted). If both inquiries are answered in the affirmative, the official's alleged conduct "violated a clearly established constitutional right" and the official is not entitled to qualified immunity. *Id.*

To state a claim against a public official in their individual capacity under § 1983, a plaintiff must allege that while acting under color of state law a defendant was personally involved in the deprivation of a right secured by the laws or Constitution of the United States, or that the defendant's wrongful actions were causally connected to such a deprivation. *James v. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). A supervisor cannot be held personally liable under § 1983 "for his

subordinate's actions in which he had no involvement." *Id.*  Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each government official defendant, through the official's own individual actions, has violated federal law. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2008).

The Fifth Circuit has held that school children have a liberty interest in their bodily integrity protected by the Due Process Clause of the Fourteenth Amendment, and that physical abuse by a school employee violates that right. *Doe v. Taylor I.S.D.*, 15 F.3d 443, 451-52 (1994), *cert. denied*, 513 U.S. 815 (1994).

> A supervisory school official can be held personally liable for a subordinate's violation of an elementary or secondary school student's constitutional right to bodily integrity in physical sexual abuse cases if the plaintiff establishes that:
>
>> (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student; and
>>
>> (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and
>>
>> (3) such failure caused a constitutional injury to the student.

*Id.* at 454.  With regard to her § 1983 claim against Zea, Doe's Second Amend Complaint alleges the following:

> Assistant Principal Zea personally witnessed the molestation of the minor Jane Doe, on multiple occasions, but exhibited deliberate indifference by not reporting the molestation as required by state law.  Reporting abuse was obviously necessary to prevent or stop the abuse.  The failure of AISD and its Assistant Principal caused a constitutional injury to the minor Jane Doe.
>
> . . . .

> . . . Defendant Zea abused his state position of AISD Assistant Principal by being deliberately indifferent to the fact that the minor was being abused and failing to report that abuse.
>
> Plaintiff's claims under § 1983 are actionable against Zea and Young in their individual capacities, as laws prohibiting sexual molestation, fondling and inappropriate touching of minors have been clearly established for years, and Zea and Young knew or should have known that molesting a minor child was clearly a violation of federal law. In light of the law clearly established at the time of these violations, the actions of Zea and Young were objectively unreasonable and unlawful.

Doc. # 22 at p. 11-13.

The Court finds that these allegations, if proven true, are clearly sufficient to meet the three-part test announced in *Taylor*. Doe has alleged that Zea: (1) *personally witnessed* the sexual abuse against Doe, (2) demonstrated deliberate indifference by failing to report the and abuse, and (3) his failure to report the abuse caused further sexual abuse of Doe. These allegations state a claim under § 1983 that Zea was deliberately indifferent to Doe's constitutional right to bodily integrity. *See Taylor*, 15 F.3d at 456-57 (holding that principal could be found to have been deliberately indifferent to teacher's sexual misconduct with student where principal had received notice of a pattern of inappropriate behavior between the student and teacher); *Arbaugh v. Bd. of Educ., Cnty. of Pendleton*, 329 F. Supp.2d 762, 769 (N.D. W.Va. 2004) (finding that school principal was not entitled to qualified immunity where he had received several complaints about teacher's conduct with young boys but failed to investigate or report the allegations); *John Does v. Covington Cnty. Sch. Bd.*, 884 F. Supp. 462, 466 (M.D. Ala. 1995) (finding that plaintiffs alleged sufficient deliberate indifference claim where they alleged school officials had knowledge of the teacher's continuous sexual abuse of students but failed to remedy the problem). Because Doe has pled sufficient facts to overcome Zea's qualified immunity, Zea is not entitled to the dismissal of those claims.

**D.     TEX. FAM. CODE § 261.101(b)**

Plaintiff also sues Zea for negligence per se, relying on the fact that Texas law imposes a statutory duty on certain professionals, including teachers, to report suspected abuse or neglect within 48 hours of when the professional first suspects abuse. TEX. FAM. CODE § 261.101(b). Zea contends that this claim should be dismissed because the reporting obligation created in this section is a duty enforced with criminal penalties only, and there is no private right of action under the statute. Plaintiff responds that she is not suing under § 261.101(b), but rather is bringing a common law negligence per se claim, and the lack of a grant of the right to sue to enforce the statute is irrelevant. She further contends that the Texas Supreme Court's decision in *Perry v. S.N.*, 973 S.W.2d 301 (1998), suggests that such a claim may be viable.

The Court need not resolve this question, because, as discussed in the first section, this claim must be dismissed pursuant to TEX. CIV. PRAC. & REM. CODE § 101.106.[2]

**E.     TEX. EDUC. CODE § 22.0511**

Zea also contends he is immune from liability under the Texas Education Code provision which provides that:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses

---

[2]The issue decided in *Perry* addressed whether § 261.101(a) could support a negligence per se claim. That section of 261.101 creates a duty for *any* person having cause to believe that a child's physical or mental health or welfare has been affected by abuse to report that abuse. The breadth of this duty caused the court in that case to pause before making it a duty enforceable as a civil claim. Doe relies on 261.101(b), which is more narrowly tailored, and imposes a duty to report not on any person, but rather only on certain professionals, and limits that duty to those having cause to believe a child has been abused or neglected. Thus, *Perry* is not dispositive of whether § 261.101(b) may properly be the basis of a negligence per se claim against a teacher.

excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE § 22.0511(a). Zea does not indicate whether he believes that the statute would apply to Doe's claim under § 1983, so out of an abundance of caution the Court will briefly address that issue.[3]

The few courts that have addressed this question have held that the immunity stated in § 22.0511 was intended to apply only to state law claims, and not to a federal constitutional claim. *See, e.g., Moore v. Port Artthur I.S.D.*, 751 F. Supp. 671, 672-73 (E.D. Tex. 1990); *Doe v. S&S C.I.S.D.*, 149 F.Supp.2d 274, 298 (E.D. Tex. 2001) (gathering Texas cases, and noting that statute has been applied to claims of breach of contract, interference with contract, intentional infliction of emotional distress, libel and negligence). In fact, the court in *Moore* concluded that the immunity does not even apply to a claim brought under the Texas constitution. *Id.* Moreover, to the extent the statute was viewed as granting immunity to a claim brought pursuant to § 1983, the statute would fall under the Supremacy Clause. U.S. CONST. Art. VI, clause 2. Thus, § 22.0511 does not bar Plaintiff's claim against Zea under § 1983.

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Defendant Juan Zea's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 26). The Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED WITH PREJUDICE** as to the state law claims of negligence, conspiracy, breach

---

[3]Plaintiff does not discuss the issue in her response.

of fiduciary duty, negligence per se, and intentional infliction of emotional distress, but **DENIED** with regard to the claim brought pursuant to 42 U.S.C. § 1983.

### IV.  Warning

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of November, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE